UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CADENNA PEAVY,<br><br>                              Plaintiff,<br><br>v.<br><br>ART ENTERPRISES NJ, LLC, JOHN DOES 1-10 (said names being fictitious), and XYZ CORPORATIONS 1-10 (said names being fictitious),<br><br>                              Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |

TO: Clerk
United States District Court
Martin Luther King Bldg.
50 Walnut Street Room 4015
Newark, NJ 07101

Brent A. Bramnick, Esq.
Bramnick, Rodriguez, Grabas, Arnold & Mangan, LLC
1827 East Second Street
Scotch Plains, NJ 07076

**PLEASE TAKE NOTICE** that defendant ART ENTERPRISES NJ LLC ("ART NJ LLC") by and through their attorneys Lindabury, McCormick, Estabrook & Cooper, P.C., hereby removes this action pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, from the Superior Court of the State of New Jersey, Union County Law Division to the United States District Court for the District of New Jersey. In support of this Notice of Removal, ART NJ LLC states the following:

1. On or about September 13, 2019, plaintiff commenced the instant action in the Superior Court of the State of New Jersey, Union County Law Division, captioned

3215814v1

"*Cadenna Peavy v. ART Enterprises NJ LLC, John Does 1-10 (fictitious) & XYZ Corporations 1-10 (fictitious),*" Docket No. UNN-L-3223-19. The total amount of damages that plaintiff seeks was not specified in the Complaint. In her Complaint, Plaintiff asserts claims for unspecified personal injuries and negligence against ART NJ, LLC related to an alleged accident that took place on or about March 4, 2019 in Patterson, New Jersey, Passaic County. A true and correct copy of the Summons & Complaint is annexed as **Exhibit "A."**

2. Plaintiff's counsel filed an Affidavit of Service regarding the filing of the Summons & Complaint on ART NJ LLC's managing agent on or about October 25, 2019. Subsequently, on February 11, 2020 the Summons & Complaint were served again upon ART NJ LLC at the address of its member Owen Tonkins, Jr. in Baltimore, Maryland. A copy of the Affidavits of Service is annexed hereto as collective **Exhibit "B."**

3. On April 15, 2020, ART Enterprises NJ joined issue through the electronic filing and service of an Answer to the Complaint, generally denying liability. Together with its Answer, ART NJ LLC served various demands on plaintiff's counsel, including but not limited to Form A Interrogatories, Demand for Production of Documents and Demand for Statement of Damages claimed. Pursuant to R. 4:5-2, a response to this demand was due within five (5) days. A copy of ART NJ's Answer and Demands are annexed hereto as collective **Exhibit "C."**

4. When responses to ART NJ's discovery demands were not forthcoming, in an effort to ascertain, among other things the amount in controversy, on June 24, 2020,

defendant sent a letter to plaintiff's counsel requesting responses to the outstanding discovery. A copy of the letter is annexed hereto as **Exhibit "D."**

5. On June 30, 2020, plaintiff's counsel responded indicating that they were "doing [their] best to finalize," but provided no information regarding damages, nor the amount in controversy. A copy of plaintiff's counsel's letter is annexed as **Exhibit "E."**

6. On July 21, 2020, when no responses or additional information were received, ART NJ LLC, through their counsel filed a motion to compel discovery. A Copy of the motion is annexed as **Exhibit "F."**

7. On August 14, 2020, plaintiff's counsel submitted and was granted a request to adjourn the pending motion to August 28, 2020. A copy of the adjournment request is annexed as **Exhibit "G."**

8. On August 28, 2020, the Court granted ART NJ LLC's motion to compel discovery and on September 2, 2020, plaintiff was ordered to produce certified answers to Form A Interrogatories, a response to Defendant's demand for Production of Documents and Demand for Statement of Damages claimed no later than September 11, 2020." A copy of the August 28, 2020 Order and September 2, 2020 Amended Order are annexed as **Exhibit "H."**

9. When responses were not forthcoming in violation of the September 2, 2020 Court Order, on September 18, 2020, ART NJ LLC through their counsel filed a motion to Dismiss the Complaint for Failure to Make Discovery. A copy of the motion to Dismiss the Complaint for Failure to Make Discovery which was returnable on October 16, 2020 is annexed as **Exhibit "I."**

10. On October 14, 2020, plaintiff served discovery responses, including a response to defendant's demand for Statement of Damages, indicating for the first time that plaintiff is seeking $1,000,000 in damages. A copy of Plaintiff's Response to Form A Interrogatories (without attachments) with plaintiff's personal information redacted, along with the Response to Demand for Statement of Damages is annexed hereto as **Exhibit "J."** This was also the first time that ART NJ LLC received any information from plaintiff's counsel regarding the alleged damages claimed.

11. This Notice of Removal is being filed in the United States District Court for the District of New Jersey, the purview of which includes Union County where this case is pending.

12. This Notice of Removal is being filed within thirty days of ART NJs receipt of plaintiff's Response to Demand for Statement of Damages from which ART NJ could first ascertain that this matter is one which is removable, as required by 28 U.S.C. § 1446(b).

13. While this Notice of Removal is being filed less than fourteen months after the commencement of this action, based on the procedural history of this case set forth above, it is clear that plaintiff has deliberately failed to disclose the amount in controversy to prevent removal despite repeated efforts by ART NJ LLC to obtain this information, including service of a Demand for Statement of Damages, correspondence regarding the outstanding discovery, as well as a motion to compel disclosure, which resulted in a Court Order and a subsequent Motion to dismiss the Complaint for failure to make discovery. A case may be removed pursuant to § 1446(b)(3) more than one year after the commencement

of the action on the basis of jurisdiction conferred by 28 U.S.C § 1332 if the plaintiff "deliberately failed to disclose the actual amount in controversy to prevent removal." *Bader v. Schmidt Baking Co.*, 2014 WL 116365 (January 10, 2014.) *See also Hubbard v. Diaz* 2017 WL 436252.

## JURISDICTION

14. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because this is an action between citizens of different States, and the amount in Controversy exceeds $75,000, exclusive of interest and costs.

15. The Complaint alleges that Plaintiff's residence was, at all relevant times a resident of Patterson, New Jersey, thereby making her a resident of New Jersey for the purposes of determining whether diversity of citizenship exists. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010)

16. ART NJ LLC is a limited liability company with two managing members, Janet and Owen Tonkins, Jr., both of whom reside in Baltimore, Maryland, making the ART NJ LLC a resident of Maryland. A copy of ART NJ LLC's Certificate of Formation is annexed hereto as **Exhibit "K."** A limited liability company is a citizen of all the states of its members *See Zambelli Fireworks Mfg. Co.* at 420.

17. Given plaintiff's residence in New Jersey and ART NJ's residence in Maryland, complete diversity exists, pursuant to 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

18.     For a federal Court to have diversity jurisdiction under 28 U.S.C. § 1332, the amount in controversy must exceed the sum or value of $75,000, exclusive of interests and costs.

19.     Here, plaintiff's response to defendant's demand for Statement of Damages indicating that plaintiff is seeking damages in the amount of $1,000,000 exceeds that amount. (*See* Exhibit "J")

20.     Complete diversity of citizenship exists between Plaintiff (a citizen of New Jersey) and ART NJ (a citizen of Baltimore), and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

21.     ART NJ LLC will provide Plaintiff with prompt written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d), and will file a copy of the Notice of Removal with the Clerk of the Superior Court of the State of New Jersey, Union County Law Division where the Complaint was originally filed.

WHEREFORE, ART NJ LLC respectfully request that this action be removed from the Superior Court of the State of New Jersey, Union County Law Division to the United States District Court for the District of New Jersey.

Dated:  November 12, 2020
        Westfield, New Jersey

By: _____
RACHEL NUDEL, ESQ. (RN 8552)
LINDABURY, McCORMICK,
ESTABROOK & COOPER, P.C.
Attorneys for Defendant
ART Enterprises NJ, LLC
53 Cardinal Drive
P.O. Box 2369
Westfield, NJ 07091
(908) 233-6800